1 ELIZABETH A. STRANGE
Acting United States Attorney
2 District of Arizona
Natalie B. Huddleston
3 Assistant U.S. Attorney
Arizona State Bar No. 023281
4 Two Renaissance Square
40 N. Central Ave., Suite 1200
5 Phoenix, Arizona 85004
Telephone: 602-514-7500
6 Email: Natalie.Huddleston@usdoj.gov
Attorneys for Plaintiff
7

IN THE UNITED STATES DISTRICT COURT

8

FOR THE DISTRICT OF ARIZONA

9

10 United States of America,                        CR- 16-00942-2-PHX-JJT

11              Plaintiff,                          **PLEA AGREEMENT**

12 vs.                                              **(Fast Track § 5K3.1)**

13

14 Damiana Barboza-Lozano,

              Defendant.

15

16       Plaintiff, United States of America, and the defendant, Damian Barboza-Lozano,

17 hereby agree to dispose of this matter on the following terms and conditions:

18 **1.    PLEA**

19       The defendant will plead guilty to Count Two of the Indictment charging the

20 defendant with a violation of Title 21, United States Code, Sections 841(a)(1) and

21 841(b)(1)(C), Possession with Intent to Distribute Cocaine, a Class C felony offense.

22 **2.    MAXIMUM PENALTIES**

23       a.     A violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), is punishable by a

24 maximum fine of $1,000,000, a maximum term of imprisonment of 20 years, or both, and

25 a term of supervised release of at least three years, and up to life. A maximum term of

26 probation is five years.

27       b.     According to the Sentencing Guidelines issued pursuant to the Sentencing

28 Reform Act of 1984, the Court shall order the defendant to:



1    (1)  make restitution to any victim of the offense pursuant to 18 U.S.C.

2 § 3663 and/or 3663A, unless the Court determines that restitution would not be

3 appropriate;

4    (2)  pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a

5 fine is not appropriate;

6    (3)  serve a term of supervised release when required by statute or when a

7 sentence of imprisonment of more than one year is imposed (with the understanding that

8 the Court may impose a term of supervised release in all other cases); and

9    (4)  pay upon conviction a $100 special assessment for each count to

10 which the defendant pleads guilty pursuant to 18 U.S.C. § 3013.

11  c.  The Court is required to consider the Sentencing Guidelines in determining

12 the defendant's sentence.  However, the Sentencing Guidelines are advisory, and the Court

13 is free to exercise its discretion to impose any reasonable sentence up to the maximum set

14 by statute for the crime(s) of conviction, unless there are stipulations to the contrary that

15 the Court accepts.

16  d.  The defendant understands and acknowledges that pleading guilty may result

17 in the termination or denial of certain food stamp, social security, and other benefits for

18 defendant and the defendant's immediate family pursuant to 21 U.S.C. §§ 862 and 862a.

19  e.  The defendant recognizes that pleading guilty may have consequences with

20 respect to defendant's immigration status if the defendant is a recently naturalized United

21 States citizen or is not a citizen of the United States.  Under federal law, a broad range of

22 crimes are removable offenses, including the offense(s) to which defendant is pleading

23 guilty.  Although there may be exceptions, the defendant understands that the defendant's

24 guilty plea and conviction for this offense make it practically inevitable and a virtual

25 certainty that the defendant will be removed or deported from the United States.  The

26 defendant agrees that defendant has discussed this eventuality with defendant's attorney.

27 The defendant nevertheless affirms that defendant wants to plead guilty regardless of any

28 immigration consequences that this plea entails, even if the consequence is the defendant's

automatic removal from the United States.

**3.      AGREEMENTS REGARDING SENTENCING**

a.      <u>Stipulation: Early Disposition Program.</u>  Pursuant to Fed. R. Crim. P. 11(c)(1)(C) and U.S.S.G. § 5K3.1, the parties agree that the defendant shall receive a 4-level downward departure and that any prison sentence shall not exceed the high-end of the final advisory Sentencing Guideline Range.   The defendant agrees not to seek any adjustments in Chapters Two, Three or Four of the Sentencing Guidelines or any "departures" from the Sentencing Guidelines, with the exception of a mitigating role adjustment under U.S.S.G. § 3B1.2.  The defendant acknowledges that if the defendant seeks any such adjustment or departure other than for mitigating role, the government may decline to move for the 4-level downward departure pursuant to U.S.S.G. § 5K3.1 or withdraw from the plea.  Nothing in this agreement precludes the defendant from asking for a variance from the final advisory Sentencing Guideline Range.

b.      <u>Stipulation: Safety Valve</u>.   Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that if the defendant qualifies for the "safety valve" reduction pursuant to 18 U.S.C. § 3553(f) and United States Sentencing Guidelines §§ 2D1.1(b)(17) and 5C1.2(a), then the defendant shall receive the applicable reduction in the guideline offense level. If the defendant is not eligible for this consideration, then the parties agree that this particular provision will be void and all other provisions of this plea agreement shall remain in full force and effect.

c.      <u>Stipulation: Cocaine</u>. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agree and stipulate that, for purposes of entering into this plea agreement, the defendant's Base Offense Level will be calculated on the basis that the amount of the cocaine was 15.94 kilograms, including packaging, of a mixture or substance containing a detectable amount of cocaine.

d.      <u>Recommendation: Acceptance of Responsibility</u>.  Pursuant to Fed. R. Crim. P. 11(c)(1)(B), if the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if

1   the defendant demonstrates an acceptance of responsibility for this offense up to and
2   including the time of sentencing, the United States will recommend a two-level reduction
3   in the applicable Guidelines sentencing offense level pursuant to U.S.S.G.§ 3E1.1(a).  If
4   the defendant has an offense level of 16 or more, the United States will recommend an
5   additional one-level reduction in the applicable Sentencing Guidelines offense level
6   pursuant to U.S.S.G. § 3E1.1(b).

7       e.    <u>Non-Binding Recommendations</u>.  The  defendant  understands  that
8   recommendations are not binding on the Court.  The defendant further understands that the
9   defendant will not be permitted to withdraw the guilty plea if the Court does not follow a
10  recommendation.

11      f.    <u>Assets and Financial Responsibility</u>.  The defendant shall make a full
12  accounting of all assets in which the defendant has any legal or equitable interest.  The
13  defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or
14  transfer any such assets or property before sentencing, without the prior approval of the
15  United States (provided, however, that no prior approval will be required for routine, day-
16  to-day expenditures).  The defendant also expressly authorizes the United States Attorney's
17  Office to immediately obtain a credit report as to the defendant in order to evaluate the
18  defendant's ability to satisfy any financial obligation imposed by the Court.  The defendant
19  also shall make full disclosure of all current and projected assets to the U.S. Probation
20  Office immediately and prior to the termination of the defendant's supervised release or
21  probation, such disclosures to be shared with the U.S. Attorney's Office, including the
22  Financial Litigation Unit, for any purpose.  Finally, the defendant shall participate in the
23  Inmate Financial Responsibility Program to fulfill all financial obligations due and owing
24  under this agreement and the law.

25      g.    Stipulation.  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and
26  the defendant stipulate and agree that this plea agreement is contingent upon the successful
27  guilty plea of the co-defendant, Sergio Garciduenas-Morales, in case no. CR-16- 00942-1-
28  JJT.  If the co-defendant does not plead guilty in this case, the government reserves the

1  right to withdraw from the plea agreement.

2  **4.      AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

3          a.      Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States, at the time of

4  sentencing, shall dismiss the following charges: Count One of the Indictment.

5          b.      This agreement does not, in any manner, restrict the actions of the United

6  States in any other district or bind any other United States Attorney's Office.

7  **5.      COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

8          a.      If the Court, after reviewing this plea agreement, concludes that any

9  provision contained herein is inappropriate, it may reject the plea agreement and give the

10 defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P.

11 11(c)(5).

12         b.      If the defendant's guilty plea or plea agreement is rejected, withdrawn,

13 vacated, or reversed at any time, this agreement shall be null and void, the United States

14 shall be free to prosecute the defendant for all crimes of which it then has knowledge and

15 any charges that have been dismissed because of this plea agreement shall automatically

16 be reinstated.  In such event, the defendant waives any and all objections, motions, and

17 defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional

18 restrictions in bringing later charges or proceedings.  The defendant understands that any

19 statements made at the time of the defendant's change of plea or sentencing may be used

20 against the defendant in any subsequent hearing, trial, or proceeding subject to the

21 limitations of Fed. R. Evid. 410.

22 **6.      WAIVER OF DEFENSES AND APPEAL RIGHTS**

23         The defendant waives (1) any and all motions, defenses, probable cause

24 determinations, and objections that the defendant could assert to the indictment or

25 information; and (2) any right to file an appeal, any collateral attack, and any other writ or

26 motion that challenges the conviction, an order of restitution or forfeiture, the entry of

27 judgment against the defendant, or any aspect of the defendant's sentence, including the

28 manner in which the sentence is determined, including but not limited to any appeals under

18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

7.    **DISCLOSURE OF INFORMATION**

a.    The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

b.    Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

c.    The defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

(1)    criminal convictions, history of drug abuse, and mental illness; and

(2)    financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

8.    **FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

a.    Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment, shall be subject to immediate enforcement by the United States, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts (which

offset will not affect the periodic payment schedule). If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

9.   **ELEMENTS**

### Possession with Intent to Distribute a Controlled Substance
### 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C)

On or about July 10, 2016, in the District of Arizona:

1.     The defendant knowingly possessed a mixture or substance containing a detectable amount of cocaine; and

2.     The defendant possessed the cocaine with the intent to distribute it to another person.

10.   **FACTUAL BASIS**

a.     The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

On July 10, 2016, I, Damiana Barboza-Lozano, approached a checkpoint outside of Yuma, within the District of Arizona. I was the passenger in a 2010 Dodge Ram driven by my husband, Sergio Garciduenas-Morales. I was aware that by traveling with my husband it would appear as if it were a family outing and therefore less suspicious to law enforcement officers. A Narcotics Detection Dog alerted to the presence of narcotics near the front of my vehicle. Agents x-rayed the vehicle, and then searched the vehicle. Agents found fourteen (14) packages of cocaine hidden inside the rocker panels of the vehicle. Field tests of the packages were positive for cocaine. The total weight of the cocaine packages was 15.94 kgs. I was aware of the illegal drugs hidden in the vehicle, and that they would be distributed to others.

b.     The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

## APPROVAL AND ACCEPTANCE OF THE DEFENDANT

This agreement has been read to me in Spanish, and I have carefully reviewed every part of it with my attorney. I understand it and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and

may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I fully understand the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

3.14.17
_____
Date

_____
DAMIANA BARBOZA-LOZANO
Defendant

### APPROVAL OF DEFENSE COUNSEL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

I translated or had translated this agreement from English into Spanish, to the defendant on the __14__ day of __March__, 2017.

3.14.17
Date

JOSEPH DUARTE
Attorney for Defendant

### APPROVAL OF THE UNITED STATES

I have reviewed this matter and the plea agreement.  I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

ELIZABETH A. STRANGE
Acting United States Attorney
District of Arizona

3/14/17
Date

NATALIE B HUDDLESTON
Assistant U.S. Attorney

### ACCEPTANCE BY THE COURT

8/25/17
Date

HONORABLE JOHN J. TUCHI
United States District Judge

- 10 -